Dear Ms. Sikes:
On behalf of the Tensas Parish Police Jury (the "Police Jury"), you requested the opinion of this office concerning whether the Police Jury could transfer its outstanding Hill-Burton debt to the State of Louisiana, through the Department of Health and Hospitals ("DHH").
We have been advised that the Police Jury received federal funding under Title VI of the Public Health Service Act to construct the Tensas Parish Hospital in Newellton (the "Hospital") which opened May 11, 1976. As a condition of receiving the funding, the Police Jury provided an assurance, known as the "Hill-Burton" assurance, that the Hospital would be used for eligible purposes for a period of twenty years. The Police Jury also accepted two operating requirements: (1) to provide a reasonable volume of services to persons unable to pay for such services (uncompensated services); and (2) to be available to all persons residing and working in the territorial area it services (community services).
The Hospital closed on July 10, 1989, and remains vacant. The closure prior to the twenty-year eligible use period initiated the Federal Government's right to recover its interest in the property under Section 609 of the 42 C.F.R. Part 124, Subpart H. The Department of Health and Human Services ("DHHS") has advised that there is an outstanding deficit of $4,532,957.00. The Police Jury has an operational health unit in St. Joseph, Louisiana, which has been operated by DHH.
The Police Jury would like DHH to assume the Hospital's Hill-Burton assurances at the health unit facility. The community service obligation would terminate after an additional nine years and ten months of services provided through the health unit. DHHS has stated that they would allow the uncompensated services obligation to be converted from dollars to a period of time, which would be an obligation of approximately 19 years. The two obligations could run concurrently.
The question presented is whether the State, through DHH, can assume these Hill-Burton obligations of the Parish. The answer to your question must be in the negative. We call your attention to the provisions of the Louisiana Constitution. Article VII, Section 6 of the Louisiana Constitution provides in pertinent part as follows:
 (A) Authorization. Unless otherwise authorized by this constitution, the state shall have no power, directly or indirectly, or through any state board, agency, commission, or otherwise, to incur debt or issue bonds except by law enacted by two-thirds of the elected members of each house of the legislature. The debt may be incurred or the bonds issued only if the funds are to be used to repel invasion; suppress insurrection; provide relief from natural catastrophes; refund outstanding indebtedness at the same or a lower effective interest rate; or make capital improvements, but only in accordance with a comprehensive capital budget, which the legislature shall adopt.
 * * * (C) Full Faith and Credit. The full faith and credit of the state shall be pledged to the repayment of all bonds or other evidences of indebtedness issued by the state directly or through any state board, agency, or commission pursuant to the provisions of Paragraphs (A) and (B) hereof. The full faith and credit of the state is not hereby pledged to the repayment of bonds of a levee district, political subdivision, or local public agency. . .
 (D) Referendum. The legislature, by law enacted by two-thirds of the elected members of each house, may propose a statewide public referendum to authorize incurrence of debt for any purpose for which the legislature is not herein authorized to incur debt. (Emphasis added)
Accordingly the State can only incur debt for certain specified purposes, (none of which is the Hill-Burton obligation of a political subdivision), pursuant to a law enacted by a two-thirds vote of each house of the legislature. This office is not aware of any such legislation. It would take a statewide referendum for the legislature to authorize the incurrence of debt for any purpose not set forth in Paragraph A.
In addition to violating Article VII, Section 6, we believe that assuming the Hill-Burton obligations of the Parish may also violate Article VII, Section 14 of the Constitution, which provides in pertinent part as follows:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . .
Trusting this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ Martha S. Hess Assistant Attorney General
RPI/MSH
cc: Department of Health and Hospitals